Judge Green.
This is an action upon the official bond of a constable, against one of his sureties, to recover the amount of two executions of Ca. Sa. issued from the Hustings Court of Petersburg, in favor of the relator, and directed to the constable, and by him executed. The defendant was rescued from the custody of the constable, who failed to make fresh pursuit. Several questions are raised. The first and principal, and indeed the only one, in which the parties seem to feel any interest, is, whether a Ca. Sa. or other execution issued upon a judgment by a magistrate, from the Court of the county or corporation, can be directed to, and executed by, a constable. If not, the serving of such an execution is no part of his duty as constable, and does not come within the terms of his official bond.
A careful attention to the history of our laws upon the subject of warrants for small debts, will, I think, solve this question without difficulty.
From the year 1748, to the present time, a provision has existed in our Statutes, prohibiting any magistrate from issuing a Ca. Sa. upon any judgment upon a warrant. The Act of 1806, directs that any justice of the peace shall have power to issue execution to be directed to the constable, or other officer, of any county or corporation, where the party resides, and that the constable, or other officer, to whom an execution shall be directed by a justice of the peace, shall, if he can find no property, make return thereof to the clerk of the county or corporation, who shall docket the same; and the party shall be entitled to such execution thereon, as if the judgment had been rendered in Court; and upon such executions the same proceedings shall be had as upon executions founded on judgments rendered in Court. Under this law, executions issuing from the clerk’s office, on the judgment of a justice, could only be directed to the sheriff; for, executions upon judgments rendered in Court could only be directed to him.
*358 The Act of 1809, ch. 12, in the 1st section, directed that no sheriff or deputy sheriff should serve any warrant for small debts; but that such warrants should be directed to, and served by, some constable. The 3d section directed, that all executions awarded on any judgment rendered by any justice of the peace, should be directed to some constable of the county, who should levy and return the same, agreeably to the provisions of the Act of 1806.
The question is, whether the 3d section of the Act of 1809, extends to executions issued from the clerk’s office, upon judgments given by a justice of the peace. I think not. The 3d section expressly directs, that the executions, which it provides shall be directed to a constable, shall be returned by him, as directed by the Act of 1806. That Act gives no direction for the return of an execution, except that the constable, or other' officer,.if he can find no property, shall return executions issued by a justice of the' peace, to the clerk. It is to this return that the Act of 1809 refers; which is wholly inapplicable to executions issuing from the clerk’s office, after such a return is made. Under the Act of 1806, warrants and executions might be directed to a sheriff, as well as to a constable. This encroached upon the profits of the constable’s office; and I think the Act of 1809, was intended only to transfer to the constables exclusively, the profits of serving warrants and executions issued by justices of the peace, and that the first and third sections were intended solely to effect that object.
This conclusion is fortified by other considerations. There is no fee allowed to the constable for serving a Ca. Sa. nor is any direction given as to the disposition of a prisoner arrested by a constable under a Ca. Sa. or in any other, except criminal cases. Nor is there any summary remedy given for money made by a constable by any execution, but upon such as are directed to him by a justice of the peace; nor any fine for failing to return an execution, except fines to be imposed by a justice of the peace. *359 Provisions on these subjects would probably have been thought indispensable, if the Act had contemplated that executions from the clerk’s office, on a justice’s judgment, could be directed to, and served by, a constable. I observe too, that there is a legislative exposition of these Statutes. They are incorporated in the Revisal of 1819; and in 1820, a special Act passed, authorising executions of that description to be directed to, and served by, a constable, in the city of Richmond.
The judgment should be reversed, and final judgment given for the appellant.
The other Judges concurred, and the judgment was reversed.*